DOCKET NO. 556

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE AIR CRASH NEAR PROVIDENCE, RHODE ISLAND, ON FEBRUARY 21, 1982

TRANSFER ORDER*

This litigation consists of the two actions listed on the attached Schedule A and pending in two federal districts as follows: one action in the Southern District of New York and one action in the Western District of Texas. Presently before the Panel is a motion, pursuant to 28 U.S.C. §1407, brought by DeHavilland Aircraft of Canada, Ltd., (DeHavilland), a defendant in each action, for transfer of the two actions to the District of Rhode Island. Plaintiffs in the Texas action do not oppose centralization, but they favor selection of the Western District of Texas as transferee forum. Plaintiffs in the New York action and another defendant in that action oppose transfer. If the Panel nevertheless concludes that centralization is appropriate in this docket, then the plaintiffs in the New York action favor selection of the Southern District of New York as the transferee forum.

On the basis of the papers filed,[1/] the Panel finds that the two actions involve common questions of fact and that centralization of the actions under Section 1407 in the Southern District of New York will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Both actions share numerous factual questions concerning the cause or causes of a crash near Providence, Rhode Island, of a DeHavilland DHC-6 Twin Otter aircraft being operated by Pilgrim Aviation and Airlines, Inc. Centralization under Section 1407 is therefore necessary in order to prevent duplication of discovery, avoid inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

Movant favors selection of the District of Rhode Island as transferee forum for this litigation because, inter alia, Rhode Island is the situs of the crash and therefore witnesses and records relating to the crash, the rescue efforts, and the investigation of the crash are likely to be found there. While the District of Rhode Island may be an appropriate forum for centralized pretrial proceedings in this docket, we are extremely reluctant to select a district in which no constituent action is pending. See, e.g., In re Air Crash Disaster Near Papeete, Tahiti,

---

* Judge Robert H. Schnacke took no part in the decision of this matter.

1/ The parties waived oral argument and accordingly the question of transfer of these actions under Section 1407 was submitted on the briefs. Rule 14, R.P.J.P.M.L., 89 F.R.D. 273, 283-84 (1981).

- 2 -

397 F. Supp. 886, 887 (J.P.M.L. 1975). The Southern District of New York, on the other hand, where one of the actions is already pending, is centrally located and easily accessible for the parties and counsel involved in this docket, and is where relevant discovery concerning pre-flight maintenance is likely to be undertaken. We note that witnesses can still expect to be deposed near where they reside. See Fed. R. Civ. P. 45(d)(2).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the action listed on the attached Schedule A and pending in the Western District of Texas be, and the same hereby is, transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Leonard B. Sand for coordinated or consolidated pretrial proceedings with the action listed on Schedule A that is pending before him in that district.

FOR THE PANEL:

Andrew A. Caffrey
Chairman

Schedule A

MDL-556 -- In re Air Crash Near Providence, Rhode Island, on February 21, 1982

Western District of Texas

Thomas N. Prinster, et al. v. DeHavilland Aircraft of Canada, Ltd., C.A. No. A-83-CA-058

Southern District of New York

Lyle W. Hogg, et al. v. DeHavilland Canada, Inc., et al., C.A. No. CV-83-2697